UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BERNARD C. MAZON, JANE I. MAZON,

        Debtors.
_____

BERNARD C. MAZON, JANE I. MAZON,

        Appellants,

vs.                                Case No. 2:07-cv-478-FtM-29
                                       Bankr. No. 9:05-bk-04213-MGW

ROBERT E. TARDIF, JR., Trustee,

        Appellee.
_____

**OPINION AND ORDER**

    This matter comes before the Court on an appeal from the United States Bankruptcy Court's Order Granting In Part and Denying In Part Trustee's Motion to Surcharge Debtor's Exemptions and/or Exempt Property (Doc. #1-3). Appellants filed an Initial Brief (Doc. #15), appellee filed a Brief (Doc. #19) in response, and appellants filed a Reply Brief (Doc. #24).

    The challenged Order allowed the Trustee to administer and liquidate otherwise exempt assets as property of the bankruptcy estate. It is clear from the record that debtors converted the "fresh start" intended by the Bankruptcy Code into a "head start" at the expense of creditors. However, for the reasons set forth below, the Court finds that the Bankruptcy Court was not authorized

to impose a surcharge on exempt assets as a remedy for debtors' misconduct.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, In re JLJ, Inc., 988 F.2d 1112, 1116 (11th Cir. 1993), while findings of fact are reviewed for clear error. FED. R. BANKR. P. 8013; In re Thomas, 883 F.2d 991, 994 (11th Cir. 1989), cert. denied, 497 U.S. 1007 (1990). A finding of fact is not clearly erroneous unless the reviewing court on the entire record is left with the definite and firm conviction that the court erred. In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008)(citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Equitable determinations by the Bankruptcy Court are reviewed under an abuse of discretion standard. In re Kingsley, 518 F.3d 874, 877 (11th Cir. 2008)(citing In re General Dev. Corp., 84 F.3d 1364, 1367 (11th Cir. 1996)). After examination of the briefs and record, the Court finds that oral argument is not needed because the facts and legal arguments are adequately presented and the decisional process would not be significantly aided by oral argument.

**II.**

On March 10, 2005, Bernard and Jane Mazon (hereinafter the Mazons or debtors) filed a joint Chapter 7 voluntary petition.

Robert E. Tardif, Jr. was appointed as Trustee. The Mazons listed on Schedules A and B their $760,000.00 condominium, three 401(k) accounts valued at approximately $100,000.00, and a whole life insurance policy valued at $40,000.00. All of these were also claimed as exempt assets on Schedule C. The Mazons submitted to examination at their Section 341 Meeting in April 2005. No objections were filed as to these exempt assets.

During the course of discovery in two adversary proceedings (one by the Trustee for the turnover of property and the other by a creditor for an equitable lien on the debtors' homestead), the Trustee discovered that the debtors had failed to schedule and disclose various assets. Specifically, the debtors owned two annuities with a combined value of more than $2,100,000.00, an IRA valued at approximately $270,000.00, and sole interest in two businesses, Emicole Properties, LLC and Emicole Investments, Ltd. (collectively Emicole companies). In the Trustee's adversary proceeding, the annuities, IRA, and Emicole companies were found to be property of the estate and non-exempt. In the creditor's adversary proceeding, an equitable lien was granted in the amount of $1,102,811.86 against the homestead.[1]

---

[1] The Amended Order on Adversary Complaint to Determine Nondischargeability of Debt and Declaratory Relief Regarding Equitable Lien and Amended Final Judgment for Plaintiff and Against Defendants Bernard C. Mazon and Jane I. Mazon were affirmed by the undersigned in 2:07-cv-147-FtM-29 on April 28, 2008.

On January 19, 2007, the Trustee filed a Motion to Surcharge Debtors' Exemptions and/or Exempt Property (Doc. #2-12) with Memorandum of Law in Support (Doc. #2-18). The Trustee asserted that the Emicole companies had substantial value to the bankruptcy estate at the time of filing[2], but after filing the Chapter 7 petition the Mazons used and dissipated all or substantially all of the Emicole companies' assets for their personal use without turning over any monies to the Trustee. Therefore, the Trustee argued, exempt assets[3] should be surcharged in the amount of the value of the unscheduled and undisclosed assets, including the Emicole companies.

On February 21, 2007, the Bankruptcy Court conducted a preliminary hearing on the Trustee's motion. At the request of the Trustee, the Bankruptcy Court took judicial notice of the proceedings in the two adversary proceedings, the transcripts of which were filed with the court. (Doc. #3, pp. 3-4, 23-24.) Debtors' counsel voiced no objection to the judicial notice (Doc. #3, pp. 12-19, 22) and stated that the prior testimony was "certainly something that can be used and he [debtor] would have to

---

[2]On or about the date of filing for bankruptcy, the Emicole companies had a financial account at Frost Brokerage Services, Inc. with a balance of $434,939.22 and real property in Pennsylvania valued at over $180,000.00, among other assets.

[3]The exempt properties subject to surcharge are: (1) a 401(k) at T. Rowe Price Account - Plan ID 70089 (Tenfold Corporation); (2) a 401(k) at Computer Sciences Corporation - SSN 171-xx-xxxx; (3) a 401(k) at RBC Financial Group - ENV #MG001045 - MG14006; and (4) the Nationwide Variable Life Policy - No. N990067730.

be held to in subsequent proceedings . . . ."  (Doc. #3, p. 13.) The Bankruptcy Court summarized his prior rulings as related to the surcharge issue:

> . . . I also held that certain annuities and IRAs were not exempt either because they had not been disclosed or because they did not otherwise qualify for the exemption under applicable Florida law.
>
> During the course of trial, there was also evidence that Debtors own certain entities called the Emicole entities which had not been disclosed in the Debtors' schedules.  The Emicole entities independently had substantial asserts within them.  There was never any disclosure of those assets, not was there any claim of exemption. . . .
>
> It appears, based on the record established during the course of the trial on the exemption issues, that the assets that were in the Emicole entities were dissipated postpetition and, thus, are not available to the Trustee for payment to creditors.
>
> . . .
>
> However, with respect to the other enumerated assets, I believe that the concept of a surcharge does have validity and viability in Florida and would apply, given the appropriate circumstances.
>
> Turning to this case, I believe and I find that to the extent that the Debtors did use undisclosed assets, specifically the Emicole assets, to fund their lifestyle in lieu of using their exempt assets, that an equitable surcharge or lien in favor of the estate should be impressed upon the balance of their non-homestead exempt assets.

(Doc. #3, pp. 23-28.)  The Bankruptcy Court then found that the evidentiary record might need to be further supplemented as to what assets the Emicole entities had on the date of the filing and whether any assets still existed, and scheduled a final evidentiary hearing at which time either party would be allowed to reference

the current record of the adversary proceedings to the extent relevant to the surcharge issue or present live testimony.  (Doc. #3, pp. 30, 34-36.)

On April 26, 2007, the Bankruptcy Court conducted the final hearing.  The Trustee filed his Request for Admissions and, without objection from debtors' counsel, the Bankruptcy Court took judicial notice that no responses had been filed and deemed admitted the factual matters in the Request for Admissions.[4]  The Bankruptcy Judge stated:

> Based the Trustee's request for admissions and the record established during the trial of the equitable lien case, the record of which will be considered as part of the record for this contested matter, it has been established that the amounts that the Debtor has utilized postpetition which were not allowed as exempt and were dissipated exceed the remaining exemptions, other than the homestead, which I would not allow a surcharge to be asserted against.
>
> The factual and procedural history of this case is summarized in the memorandum that Mr. Tardif filed and I will adopt that fairly straightforward recitation.
>
> . . .
>
> And with respect to the legal argument, I also will adopt the legal argument generally that Mr. Tardif has set

---

[4] The Request for Admissions (Doc. #2-23) provide that Emicole Properties, LLC owned real property on the date of filing; that Emicole Properties, LLC conveyed the real property to Michael and Bethany Mazon for the sum of $181,196.23 after filing; Emicole Investments Ltd. maintained a financial account at Frost Brokerage Services, Inc. with a balance of $434,939.22 on the date of filing; the debtors owned all interest in the Emicole companies on the date of filing; after filing for bankruptcy, the debtors spent all or most of the money in the account for personal use leaving a total value of approximately $1,000.00.

>    forth in that portion except with respect to the homestead.
>
>    . . .
>
>    I will surcharge under the authority cited by Mr. Tardif the exemptions other than the homestead but, under the authority of <u>Havoco</u>, <u>Chauncey</u> and other cases I've cited, will deny the request with respect to the homestead property.

(Doc. #3-2, pp. 11, 12, 17-18.) On May 11, 2007, the Bankruptcy Court issued a Memorandum Decision on Trustee's Motion to Surcharge Debtors' Exempt Property (Doc. #2-25). <u>See</u> <u>In re Mazon</u>, 368 B.R. 906 (Bankr. M.D. Fla. 2007). The Bankruptcy Court found it had the legal authority to impose a surcharge on exempt property in exceptional circumstances, and concluded "that it is within its discretion to exercise both the explicit grant of authority under section 105 and its inherent powers to surcharge the assets that the Debtors have claimed as exempt under Florida statutory exemptions." <u>In re Mazon</u>, 368 B.R. at 911.

### III.

The commencement of a bankruptcy case creates a bankruptcy estate "which is liquidated by the Trustee for the benefit of the debtor's creditors. 11 U.S.C. § 541(a)." <u>In re James</u>, 406 F.3d 1340, 1342 (11th Cir. 2005). The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); <u>In re Bracewell</u>, 454 F.3d 1234, 1237 (11th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 1815 (2007). As the Bankruptcy Court correctly stated in

this case, a debtor who conceals and dissipates bankruptcy estate assets effectively keeps more assets than the Bankruptcy Code allows. In re Mazon, 368 B.R. at 909.

After property comes into the bankruptcy estate, a debtor may exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b); In re Gamble, 168 F.3d 442, 444 (11th Cir. 1999). Exempt property may include any unmatured life insurance contract or retirement funds to the extent exempt under § 401 of the Internal Revenue Code. See 11 U.S.C. § 522(b), (d)(7) and (12); FLA. STAT. §§ 222.14, 222.21. "Once the debtor has listed his or her exemptions, the trustee meets with the creditors. [ ] After this meeting, the trustee and creditors have 30 days to object to the exemptions. [ ] Unless a party in interest objects, the property claimed as exempt on such list is exempt. . . . Once the property is removed from the estate [through exemption], the debtor may use it as his own." Gamble, 168 F.3d at 444 (citations and internal quotations omitted.) Thus, exempt property is "returned to the debtor free of administration by the trustee." In re Sinnreich, 391 F.3d 1295, 1297 (11th Cir. 2004).

**A.**

Debtors initially argue that the Trustee waived his right to claim the exempt property as property of the bankruptcy estate because the Trustee failed to file a timely objection to their claimed exemptions. (Doc. #15, pp. 16-18.) The Trustee responds that this waiver argument is itself waived because it was not

raised in the Bankruptcy Court and cannot be raised for the first time on appeal.  (Doc. #19, pp. 7-8, 9-10.)  In their Reply, debtors concede that the issue was not raised before the Bankruptcy Court, but argue that the issue can be considered at the discretion of the appellate court.  (Doc. #24, pp. 4-6.)

An appellate court may consider issues for the first time on appeal in five exceptional circumstances.  <u>Dean Witter Reynolds, Inc. v. Fernandez</u>, 741 F.2d 355, 360-361 (11th Cir. 1984).  The Court finds that none of these exceptional circumstances apply to this appeal.  Therefore, debtors' waiver issue will not be considered for the first time in this appeal.[5]

**B.**

Debtors assert that the Bankruptcy Court was without legal authority to surcharge their exempt assets.  Debtors argue that at least five alternative remedies existed for the Trustee under the Bankruptcy Code, and that the equitable remedy of a surcharge is simply a fictitious and improper device which is not authorized by the Bankruptcy Code.  Debtors further argue that even if a surcharge is legally available, the Bankruptcy Court made no

---

[5]In any event, the Trustee has never argued the validity of the exemptions or that the exempt property was actually non-exempt, and thus there was no basis for an objection within the thirty day period.  Rather, the Trustee consistently recognized the property as being exempt, but sought to impose a surcharge on it because of debtors' misconduct with regard to the undisclosed and dissipated non-exempt assets.

findings of exceptional circumstances which would have justified surcharging the exempt assets.  (Doc. #15, pp. 18-26.)

As an initial matter, the Trustee asserts that the argument that the Bankruptcy Court lacked authority to surcharge exempt assets is being raised for the first time on appeal, and therefore should not be addressed.  (Doc. #19, pp. 7, 9-10.)  At the preliminary hearing debtors' counsel stated that "there is, of course, no specific statutory basis for a surcharge in the Code and this is purely a provision of the equity jurisdiction that the Court has, based on case law."  (Doc. #3, p. 12.)  While somewhat ambiguous as to the issue of the existence of legal authority, the Bankruptcy Judge clearly recognized this as "[t]he threshold legal issue."  (Doc. #3, pp. 23-24.)  The Court finds that in the context of the arguments the existence of the legal authority to surcharge exempt assets was sufficiently raised before the Bankruptcy Court.  Indeed, the issue of legal authority was the primary reason the Bankruptcy Judge filed a written Memorandum Decision supplementing his oral findings.  In re Mazon, 368 B.R. 906.

It is undisputed that no statutory provision in the Bankruptcy Code specifically authorizes a surcharge on otherwise exempt property under the circumstances of this case, that is, where the debtors have failed to schedule, disclose, and turn over non-exempt assets which are then almost completely dissipated and not available for distribution to the creditors.  It is also undisputed that "[b]ankruptcy courts are indeed courts of equity, and they

have the power to adjust claims to avoid injustice or unfairness." In re Morgan, 182 F.3d 775, 779 (11th Cir. 1999)(citations omitted). The equitable powers of the Bankruptcy Court are codified in 11 U.S.C. § 105(a), which provides:

> The [bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The equitable power of a bankruptcy court, however, "is not unlimited." In re Saybrook Mfg. Co., 963 F.2d 1490, 1494 (11th Cir. 1992). Thus, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988). Additionally, a bankruptcy court has inherent powers, distinct from those in § 105(a). In re Hardy, 97 F.3d 1384, 1389-90 (11th Cir. 1996); In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008)("Federal courts, including bankruptcy courts, have the inherent power to impose sanctions on parties and lawyers.")

The two federal appellate decisions concerning whether Section 105(a) allows a bankruptcy court to impose a surcharge on exempt assets have reached opposite results. In Latman v. Burdette, 366 F.3d 774, 785 (9th Cir. 2004), the debtors failed to list all their assets and then gave inaccurate accountings of the assets'

-11-

proceeds. The Trustee obtained an order of surcharge on exempt assets in the amount of the unaccounted for proceeds of these undisclosed assets. While recognizing that the Bankruptcy Code did not explicitly provide for a remedy of surcharge against exempt property in a case of under-reported assets, the Ninth Circuit upheld the surcharge under the bankruptcy court's equitable powers, stating: "The surcharge remedy fashioned by the bankruptcy judge prevented what would otherwise have been a fraud on the bankruptcy court and the Latmans' creditors caused by the Latmans' non-disclosure of monies that should have been listed on the bankruptcy schedules and available for the Latmans' creditors." Latman, 366 F.3d at 785. The Court held "that the bankruptcy court may equitably surcharge a debtor's statutory exemptions when reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that a debtor exempts an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code." Id. at 786.

More recently, In re Scrivner, 535 F.3d 1258 (10th Cir. 2008), found that a bankruptcy court could not impose a surcharge on exempt property. The Court stated that the bankruptcy court's equitable powers were codified in § 105(a); that these equitable powers may not be exercised in a manner inconsistent with the other, more specific provisions of the Bankruptcy Code; that a bankruptcy court's exercise of authority under § 105(a) may not grant any more or any less than what the plain language of the

-12-

Bankruptcy Code mandates; and that because the Bankruptcy Code contains explicit exceptions to the general rule placing exempt property beyond the reach of the bankruptcy estate, and contains specific remedies other than a surcharge for a debtor's failure to turn over estate property to the trustee, a bankruptcy court may not read additional exceptions or remedies into the statute. The Court held that "because the surcharge of exempt property is inconsistent with the Code's provisions governing exemptions and debtor misconduct, it is beyond the scope of a bankruptcy court's equitable authority under § 105(a). Section 105(a) does not empower courts to create remedies and rights in derogation of the Bankruptcy Code and Rules." Id. at 1258 (citations omitted).

The Court concludes that Scrivner sets forth the correct approach. Like Scrivner, the Eleventh Circuit has held that a bankruptcy court's equitable powers under § 105(a) do not allow it to override a specific provision of the Bankruptcy Code, and do not allow it to grant any more or any less than what the clear language of the Bankruptcy Code would mandate. In re Cox, 338 F.3d 1238, 1243 (11th Cir. 2003), cert. denied, 541 U.S. 991 (2004). Rather, § 105(a) authorizes orders only as long as it is "necessary or appropriate to carry out the provisions of" the Bankruptcy Code." Hardy, 97 F.3d at 1389. The Eleventh Circuit has held that once the property is removed from the bankruptcy estate through exemption, the debtor may use it as his own, free of the administration of the bankruptcy trustee. Gamble, 168 F.3d at 444;

Sinnreich, 391 F.3d at 1296-97. An order returning such exempt property to the administration of the trustee is not one which carries out the express provisions of the Bankruptcy Code. Additionally, as Scrivner noted, the Bankruptcy Code contains express exceptions to the rule that exempted property cannot be used to satisfy pre-petition debts or administrative expenses, and therefore a court may not read additional exceptions such as a surcharge into the statute. E.g., TRW, Inc. v. Andrews, 534 U.S. 19, 28 (2001)("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." (citation omitted)). Scrivner is also correct that the Bankruptcy Code contains specific remedies for a debtors bankruptcy misconduct. Indeed, in this case the Bankruptcy Court, after entry of the Memorandum Decision in this case, entered an Order Revoking Discharge of Debtors (Doc. #217). While the remedies may be viewed as inadequate, that is a matter for Congress and not the court.

The Bankruptcy Court also relied upon its inherent power. In re Mazon, 368 B.R. at 911. The Supreme Court has directed that courts "exercise caution in invoking its inherent power." Chambers v. NASCO, Inc., 501 U.S. 32, 32 (1991). As Degen v. United States, 517 U.S. 820 (1996) summarized:

> Courts invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities. [ ] The extent of these powers must be delimited with care, for there is a

-14-

>danger of overreaching when one branch of the Government, without benefit of cooperation or correction from the others, undertakes to define its own authority. [ ] In many instances the inherent powers of the courts may be controlled or overridden by statute or rule. Principles of deference counsel restraint in resorting to inherent power, and require its use to be a reasonable response to problems and needs that provoke it.

Degen, 517 U.S. at 823-24 (internal citations omitted). To impose sanctions under the court's inherent powers requires a finding of bad faith. Walker, 532 F.3d at 1309. This inherent power "is derived from the court's 'need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006)(citation omitted)(alteration in original). The parties have not cited, and the Court has not found, any federal appellate decision allowing a surcharge of exempt assets under the bankruptcy court's inherent powers. The Court concludes that the inherent powers of a bankruptcy court provide no greater authority in the context of this case than does § 105(a) and do not allow the imposition of a surcharge on exempt assets.[6]

Accordingly, it is now

**ORDERED**:

1. The Motion to Withdraw as Counsel for Appellants, Bernard C. Mazon and Jane I. Mazon (Doc. #27), filed on March 21, 2008, is **DENIED** as moot for the proceedings in District Court.

---

[6]In light of the Court's holdings, it is unnecessary to resolve debtors' claim that there were insufficient findings to support the imposition of a surcharge on their exempt assets.

-15-

2. The Order Granting In Part and Denying In Part Trustee's Motion to Surcharge Debtor's Exemptions and/or Exempt Property (Doc. #1-3) is **REVERSED** as to that portion granting the Trustee's motion to impose a surcharge on the debtors' exempt property, and the case is **REMANDED** to the Bankruptcy Court to enter an order vacating that portion of the Order.

3. The Clerk shall enter judgment accordingly, transmit a certified copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of September, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Michael G. Williamson
Hon. Alexander L. Paskay
Clerk, Bankr. Ct.
Counsel of record